**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HORACIO CANDIA,

      Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

      Defendant-Appellee.

No.   16-16286

D.C. No. 3:13-cv-04211-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted September 10, 2018[**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Horacio Candia appeals pro se the district court's decision affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Commissioner of Social Security's partially favorable determination regarding Candia's application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.	Substantial evidence supports the ALJ's determination of Candia's onset date of disability. *See Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012) (explaining that we must uphold the ALJ when substantial evidence supports the ALJ's findings). The ALJ concluded that Candia was disabled as of January 11, 2011. This onset date was based on a reasonable inference from the medical records based on when Candia sought treatment from Dr. Tarver.[1] *See id.* The ALJ's rejection of Candia's asserted onset date of February 25, 2009 is supported by the record. Prior to January 11, 2011, the medical records contain several opinions indicating Candia had only mild to moderate mental health limitations. Although the ALJ did not discuss the diagnoses or potential diagnoses of Dr. Greenberg, Dr. Strauss, and Dr. Chapman in its assessment, this failure was not

---

[1] Candia does not specifically challenge the ALJ's failure to obtain the opinion of a medical expert to establish his disability onset date. However, the ALJ did not err in this respect because there are no allegations that the medical record is incomplete or inadequate to make a determination of the disability onset date. *See Wellington v. Berryhill*, 878 F.3d 867, 874 (9th Cir. 2017) (holding that an ALJ is not obligated to consult with a medical expert to determine the onset date if "a relatively complete medical chronology of the claimant's condition during the relevant time period is available.") (internal quotation marks omitted).

error, because none of the doctors indicated the severity of Candia's mental health limitations nor did they opine on any functional limitations caused by the mental health limitations. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (explaining that the ALJ does not err by failing to discuss records that are "neither significant nor probative") (citation omitted).

2.      Even assuming that the ALJ improperly questioned Candia about pending criminal matters, the record as a whole does not establish that the ALJ was biased. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1215-16 (9th Cir. 2005) (noting that to establish bias, "the ALJ's behavior, in the context of the whole case, [had to be] so extreme as to display clear inability to render fair judgment") (quoting *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001)) (internal quotation marks omitted). In addition to providing two supplemental hearings to obtain medical expert opinions regarding additional medical evidence, the ALJ concluded that Candia's limitations were more significant than provided in several medical opinions, and arguably even Candia's own testimony.[2]

**AFFIRMED.**

---

[2] Candia did not argue in his opening brief that the medical or vocational experts were improperly influenced by the ALJ's questioning of Candia regarding his criminal case. Therefore, this issue is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (explaining that the claimant waives an issue by failing to specifically brief it in their opening brief).